IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Imagination Products Corp., ) | Case No.: 25-cv-14775 |
| Plaintiff, ) | |
| v. ) | Judge: Honorable Jeffrey I Cummings |
| ArcticEagleDirect *et al.*, ) | |
| Defendants. ) | Magistate: Honorable Daniel P. McLaughlin |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY AND EMAIL ALTERNATIVE SERVICE OF PROCESS**

**I. INTRODUCTION**

Plaintiff Imagination Products Corporation brings this action against Defendants, ArcticEagleDirect, JY-Direct, FORLIVE, BEATIFOYO, and, HUWSR, (collectively, the "Defendants") for Federal Trademark Infringement (Count I), Unfair Competition and False Advertising (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in the Complaint, the Defendants are promoting, advertising, marketing, distributing, offering for sale and selling infringing identically orange colored drain augur tools that infringe upon the trademark registration of the Plaintiff. These actions are designed to mislead consumers to purchase their copy-cat products and divert sales from Plaintiff's legitimate product.

The Defendants utilize online merchant platforms to virtually steal the future sales and goodwill Plaintiff has in the Authentic Flexisnake "Drain Weasel" products by utilizing cheaper components and copying Plaintiff's distinctive orange colored product line up. Plaintiff is forced to file these actions to combat Defendants' infringement, as well as to protect unknowing

consumers from purchasing low-quality drain augurs over the Internet through the Defendants' stores and thereby lowering the consumers' esteem for legitimate Flexisnake "Drain Weasel" marked goods.

Defendants directly target their unlawful business activities toward consumers in Illinois and cause harm to Plaintiff's business and interests within the Northern District of Illinois, and have caused and will continue to cause irreparable injury to Plaintiff. Defendants deceive the public by copying Plaintiff's distinctive orange color for their competing goods in their webstore product listings websites. Defendants should not be permitted to continue their unlawful activities to sell their inferior goods to unsuspecting consumers within Illinois and the nation.

As such, Plaintiff respectfully requests that this Court issue, *ex parte,*(1) an order for expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offer for sale and sale of infringing orange drain augur products and Defendants' financial accounts; and (2) an order allowing service of process by electronic mail pursuant to Rule 4(f)(3).

## II. STATEMENT OF FACTS

### A. Plaintiff's Trademark and Goods

Imagination Products Corporation is an Illinois based company that creates, distributes, and markets drain cleaning products for consumer use. One of Plaintiff's primary items are the Drain Weasel family of products which are primarily orange colored drain augur products that feature a yellow handled crank and orange rods for inserting into plumbing and removing blockages therein ("Products"). Authentic Flexisnake products allow anyone to easily fix basic plumbing blockages themselves instead of hiring a professional plumber or engaging in riskier and costlier clean up methods.

**B. Defendants' Illegal Activities**

Defendants exclusively advertise their Infringing Products on their infringing webstore listings by blatantly copying Plaintiff's registered orange color in order to confuse Plaintiff's current and prospective customers about the origin or affiliation of these copycat products to Plaintiff's authentic product offerings. *See* Infringement Evidence, Docket #1, Attachment #2.

Plaintiff reviewed and confirmed that each Defendant offers infringing orange products, identical to each other, with each infringing product being offered for sale to residents of the United States and the State of Illinois. *See* Declaration of Rishi Nair at ¶¶ 3, 4, 6. Each Defendant product is identical to the other Defendant's product indicating they are linked or share a common supplier. *See* Infringement Evidence, Docket #1, Attachment #2.

Unknowing customers mistakenly believe the Infringing Webstore products are Plaintiff authentic offerings or somehow originating from Plaintiff or related to Plaintiff's Drain Weasel product lineup.

Due to nature of Defendants' illegal infringement, Plaintiff cannot ascertain sufficient information to identify and serve Defendants by the usual means. While some Amazon storefronts list some information, that information is not verified, and therefore unreliable. Other platforms provide nothing absent a subpoena. Defendants' illegal acts should not act as a shield for their liability and their illegal activities are furthered by their obfuscation of their identity as well as business operational ties.

### III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing, and will continue to cause, harm to Plaintiff, through diversion of sales by customers who thought Defendants offerings originated or were affiliated or sponsored by Plaintiff. The Defendants willfully deceived

customers, who absent the orange color, would necessarily gravitate towards Plaintiff's offerings.

Plaintiff respectfully requests that this Court provide Plaintiff with an avenue to obtain information from Defendants who typically hide their true identities as well as an ability to serve process on Defendants who operate online businesses and are otherwise concealing their physical presence using a variety of practices facilitated through online sales platform operations.

### A. This Court Has Jurisdiction Over the Parties and Subject-Matter.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Venue is proper in this Court pursuant 28 U.S.C. § 1391.

Furthermore, this Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in Illinois and cause harm to Plaintiff's business within the Northern District of Illinois.

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in Illinois and cause harm to Plaintiff's business within this the Northern District of Illinois. Each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to sell his/her products to consumers within the State of Illinois. *See generally* [Infringement Evidence](). Illinois consumers deserve honest internet product listings.

### B. Plaintiff Meets Its Burden Regarding Jurisdiction.

Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making

a *prima facie* case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See uBID, Inc. v. GoDaddy Group, Inc.* 623 F.3d 421, 423 (7th Cir. 2010); *see also, Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ("When determining whether a plaintiff has met his burden, jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits.").

In a federal question case, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex*, P.A., 623 F.3d 440, 443 (7th Cir. 2010). Where the federal statute at issue does not authorize nationwide service of process, personal jurisdiction is governed by the law of the forum state. *Id*. The Lanham Act does not authorize nationwide service of process. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). Therefore, personal jurisdiction against Defendants is governed by Illinois law.

Illinois's long-arm statute permits the exercise of personal jurisdiction if it would be permitted under either the Illinois Constitution or the United States Constitution. *Mobile Anesthesiologists*, 623 F.3d at 443 (*citing* 735 Ill. Comp. Stat. Ann. 5/2-209(c)).

Illinois' Constitution and the 14th Amendment of the US Constitution permit this Court to exercise jurisdiction over Defendants due to Defendants' persistent, consistent, and successful sales activities to Illinois residents through fully interactive webstores. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014).

Specific personal jurisdiction is readily apparent here because "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the

privilege of conducting business in that state, and (2) the alleged injury arises out of defendant's forum-related activities." *Advanced Tactical*, 751 F.3d at 801 (*quoting Tamburo v. Dworkin,* 601 F.3d 693, 702 (7th Cir. 2010). The relationship giving rise to jurisdiction must stem from contacts that the defendant himself creates with the forum. *Id.* Here, Defendants themselves made their webstores, targeted Illinois consumers and, most importantly, decided to copy Plaintiff's orange product lineup, infringing upon Plaintiff's registered trade dress. *See generally* Infringement Evidence; Trade dress registration (Dkt. #1, Attachment #1).

Furthermore, Illinois courts regularly exercise personal jurisdiction over websites offering for sale and selling infringing and counterfeit merchandise to Illinois residents over the Internet. 735 ILCS 5/2-209(a)(2); *See, e.g., Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, 4 (N.D. Ill. 2010) ("To sell an infringing article to a buyer in Illinois is to commit a tort in Illinois sufficient to confer jurisdiction under the tort provision of the long-arm statute. Intellectual property infringement takes place in the state of the infringing sales ... for purposes of tort provisions of the Illinois long arm-statute."); *Illinois v. Hemi Group LLC*, 622 F.3d 754, 758 (7th Cir. 2010) (defendants stood ready and willing to do business with Illinois residents, and in fact, knowingly did do business with Illinois residents by selling products to Illinois residents); *Deckers Outdoor Corp. v. Does 1-55, et al.*, No. 1:11-cv-00010, (N.D. Ill. Oct. 14, 2011) (personal jurisdiction properly asserted against defendants who offered to sell and sold counterfeit products to Illinois residents through an Internet website).

Through at least the fully interactive commercial Internet websites and Webstores operated by each Defendant, each of the Defendants has targeted and solicited sales from Illinois residents by offering shipping to Illinois and, on information and belief, have sold falsely advertised products to residents of Illinois. Nair Decl. at ¶¶3, 4. Each of the Defendants is committing

tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

### IV. PLAINTIFF IS ENTITLED TO EXPEDITED DISCOVERY

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

As demonstrated above, Plaintiff is being irreparably harmed by the manufacture, importation, offering for sale, distribution, and sale of falsely advertised Plaintiff products. Defendants have gone to great lengths to conceal their true identities and/or move outside of this Court's reach by, among other things, excluding any identifiable information from Defendants' Webstores. Without being able to discover Defendants' location and identity, Defendants would remain out of reach and their dubious tactics rewarded.

Plaintiff respectfully requests an *ex parte* Order allowing expedited discovery to discover Defendants' true identities that they use for their falsely advertised sales operations. We request discovery on an expedited basis with a limited scope to obtain information on Defendants' operations and identity on Amazon.com and any financial accounts tied to them.

Under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third parties who are in active concert with the Defendants that are given notice of the order to

provide expedited discovery in this action. FED. R. CIV. P. 65. Plaintiff is not aware of any reason that Defendants or third parties can not comply with these expedited discovery requests without undue burden. More importantly, as Defendants have engaged in many deceptive practices in an effort to hide their identities and accounts, Plaintiff's right to requested relief is in jeopardy without the means to obtain the true identity of the Defendants. Accordingly, Plaintiff respectfully requests that the expedited discovery be granted.

### V. SERVICE OF PROCESS BY EMAIL IS WARRANTED IN THIS CASE

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order allowing service of process by electronically sending the Complaint, this Order, and other relevant documents via Defendant's Webstore registration email, any known or discovered e-mail related to the webstore listed in the Complaint. Not only are all Defendants required to maintain email communication avenues with their webstore platform, but Plaintiff submits that, particularly in this day and age, providing notice via e-mail is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have not provided real names and reliable physical addresses in the public contact information to their respective Webstores; and (2) rely primarily on electronic communications to communicate with customers, demonstrating the reliability of this method of communication by which the Defendant may be apprised of the pendency of this action.

Plaintiff respectfully submits that an order allowing service of process via e-mail in this case will benefit all parties and the Court by ensuring that the Defendants receive immediate notice of the pendency of this action, thus allowing this action to move forward expeditiously. Absent the

ability to serve the Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a remedy against these stores.

Despite not providing reliable physical contact information directly to consumers, the Defendants, as online merchants, must utilize email to communicate with consumers. Moreover, Defendants must maintain contact with their online Webstore host company accounts to ensure they are functioning and to communicate with customers electronically. Therefore, it is far more likely that Defendants can be served electronically than through traditional service of process methods and that such service methods will ensure Defendant is apprised of the action and the nature of the claims therein sufficient to provide due process to those Defendant stores.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant, like the Defendants here, conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including the Northern District of Illinois, have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.* at 1018; *see also, e.g., Oakley, Inc. v. Does 1-100;* No. 12-cv-9864 (N.D. Ill. Dec. 14, 2012) (unpublished) (Order granting *Ex Parte* Application for Temporary Restraining Order including service of process by electronic publication and electronic mail); *True Religion Apparel, Inc. v. Does 1-100;* No. 12-cv-9894 (N.D. Ill. Dec. 20, 2012) (unpublished) (same); *Tory Burch*

*LLC v. Zhong Feng, et al.*, No. 1:12-cv-09066 (N.D. Ill. Nov. 15, 2012) (unpublished); *Coach, Inc., et al. v. Does 1-100*, No. 1:12-cv-8963 (N.D. Ill. Nov. 15, 2012) (unpublished); *Tory Burch LLC, et al. v. Does 1-100*, No. 1:12-cv-07163 (N.D. Ill. Sept. 14, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-100*, No. 1:12-cv-5523 (N.D. Ill. Jul. 24, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-1,281*, No. 1:12-cv-01973 (N.D. Ill. Apr. 4, 2012) (unpublished); *Deckers Outdoor Corp. v. Does 1-101*, No. 1:11-cv-07970 (N.D. Ill. Nov. 15, 2011) (unpublished); *Deckers Outdoor Corp. v. Does 1-55*, No. 1:11-cv-00010 (N.D. Ill. Feb. 3, 2011) (unpublished); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding e-mail and facsimile service appropriate); *Farouk Sys., Inc. v. Eyou Int'l Trading Co., Ltd.*, No. 4:10-cv-02672 (S.D. Tex. Aug. 2, 2010) (unpublished); *The North Face Apparel Corp., et al. v. Fujian Sharing Import & Export Ltd. Co., et al.*, No. 1:10-cv-01630-AKH (S.D.N.Y. Mar. 16, 2010) (unpublished); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing e-mail service); *see also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-1018; other citations omitted) (holding that "in certain circumstances ... service of process via electronic mail ... is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure"). Plaintiff submits that allowing service e-mail in the present case is appropriate and comports with constitutional notions of due process, particularly given the decision by the Defendants to conduct their illegal Internet-based activities anonymously or using pseudonymous linked webstores.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). As the *Rio*

*Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which a defendant may be served. *Id.* As such, this Court may allow Plaintiff to serve the Defendants via email.

Additionally, Plaintiff is unable to determine the exact physical whereabouts or identities of the Defendants due to their lack of contact information on their Webstores. Plaintiff, however, has good cause to suspect the Defendants are residents of China. The United States and the People's Republic of China are both signatories to The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention"). Nevertheless, United States District Courts, including in this District, have routinely permitted alternative service of process under Rule 4(f)(3) notwithstanding The Hague Convention. *See e.g., In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also In re LDK Solar Secs. Litig.*, 2008 WL 2415186, *2 (N.D. Cal. Jun. 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007) (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (recognizing that, while "communication via e-mail and over the internet is comparatively new, such communication has been zealously embraced within the business community").

In addition, the law of the People's Republic of China does not appear to prohibit electronic service of process. Further, Illinois Supreme Court Rule 102 specifically authorizes alternative service of process via electronic means, including social media "in recognition of society's increased use of electronic methods to communicate." Ill. S.Ct. Rule 102 (Eff. April 23, 2024). As such, Plaintiff respectfully requests this Court's permission to serve Defendants via email or electronic publication.

### VI. Conclusion

Defendants' infringing listings harm Plaintiff's business, its DRAIN WEASEL product line up and registered mark, and Plaintiffs' intercepted and actual consumers. Plaintiff requires the means to further identify and serve Defendants will process before they can further harm Plaintiff and consumers.

Therefore, Plaintiff respectfully requests that this Court grant the Plaintiff's Motions for Expedited Discovery aimed at Defendants' true identities and financial assets held by third-party internet sites where Defendants ply their infringing goods. Plaintiff further requests the Court permit Plaintiff the ability to serve Defendants using their business email addresses as that is the more likely method to achieve the due process notice required.

Dated this 12th December, 2025

Respectfully submitted,

By: /s/ Rishi Nair
Rishi Nair
ARDC # 6305871
Keener & Associates, P.C.
33 N. Dearborn Street, Suite 1000
Chicago, IL 60602
(312) 375-1573
rishi.nair@keenerlegal.com